20-CV-6643 EAW

Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
AUG 26 2020
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the INTERNET. See Pro Se Privacy Notice for further information.

## 1. CAPTION OF ACTION

A.  Full Name And Prisoner Number of Plaintiff: NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. JAMES OLIVER YOUNG (Jail ID 268697)
2. _____

-VS-

B.  Full Name(s) of Defendant(s) NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. DOUGLAS BROOKS          4. _____
2. _____          5. _____
3. _____          6. _____

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

PLAINTIFF'S INFORMATION NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: JAMES OLIVER YOUNG (ID 268697)
Present Place of Confinement & Address: 130 PLYMOUTH AVENUE SOUTH
ROCHESTER NY 14614

Name and Prisoner Number of Plaintiff: _____
Present Place of Confinement & Address: _____

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: ~~LAST KNOWN 68 STONEY LONSOME RD. HONEOYE FALLS NY 14472~~ DOUGLAS BROOKS

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in __X__ Individual and/or _____ Official Capacity

Address of Defendant: LAST KNOWN   68 STONEY LONSOME ROAD   HONEOYE FALLS, NY 14472

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and _____ Official Capacity

Address of Defendant: _____

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and _____ Official Capacity

Address of Defendant: _____

## PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in state or federal court dealing with the same [facts] involved in this action?
   Yes____ No__X__

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): _____

   Defendant(s): _____

2. Court (if federal court, name the district; if state court, name the county): _____

3. Docket or Index Number: _____

4. Name of Judge to whom case was assigned: _____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

   Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

   Disposition (check the statements which apply):

   ____ Dismissed (check the box which indicates why it was dismissed):

   ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

   ____ By court for failure to exhaust administrative remedies;

   ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

   ____ By court due to your voluntary withdrawal of claim;

   ____ Judgment upon motion or after trial entered for

   ____ plaintiff

   ____ defendant.

B. Have you begun any other lawsuits in federal court which relate to your imprisonment?

   Yes____  No **X**

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____

   Defendant(s):_____

2. District Court:_____
3. Docket Number:_____
4. Name of District or Magistrate Judge to whom case was assigned:_____

5. The approximate date the action was filed:_____
6. What was the disposition of the case?

   Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

    ____ By court *sua sponte* as frivolous, malicious or for failing to [...] claim upon which relief can be granted;

    ____ By court for failure to exhaust administrative remedies;

    ____ By court for failure to prosecute, pay filing fee or otherwise [res]pond to a cou[rt] order;

    ____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for [proceedings] under 42 U.S.C. § 1983. (This list does not include all possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosec[ution]
- Denial of Medica[l treatment]
- Right to Counsel

Please note that it is not enough to just list the ground(s) for your action. You must include [a statement of the facts] which you believe support each of your claims. In other words, tell the story of what happened to y[ou. Do not use legal] jargon.

Fed.R.Civ.P. 8(a) states that a pleading must contain "a short and plain statement of the cla[im show]ing that the [pl]eader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of [the claim] asserted [so as to] permit notice is that which will enable the adverse party to answer and prepare for trial, allow the application [of res] judicata, and [to] identify the nature of the case so it may be assigned the proper form [of] trial." Simmons v. Abruzzo, [...] 83, 86 ([...] 1995). Fed.R.Civ.P. 10(b) states that "[a]ll averments of claim ... shall be made in numbered paragraphs [the content]s [of] each of which shall be limited as far as practicable to a single set of circumstances."

### Exhaustion of Administrative Remedies

Note that according to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to [co]nditions un[der] section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other [correcti]onal faci[lity] until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherw[ise exhau]st your a[dmini]strative remedies, and you must attach copies of any decisions or other documents which indicate [yo]u have exha[us]ted your remedies for each claim you assert in this action.

A. **FIRST CLAIM:** On (date of the incident) __UNDER CHILDS VICTIM ACT__,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____

did the following to me (briefly state what each defendant named above did): _____
__SEE Enclosed__

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

The relief I am seeking for this claim is (briefly state the relief sought): _____

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? _____ Yes _____ No   If yes, what was the result? __NA__

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? __NA__

Attach copies of any documents that indicate that you have exhausted the
If you did not exhaust your administrative remedies, state why you did not do so: __NA__

A. **SECOND CLAIM:** On (date of the incident) __NA__,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____

did the following to me (briefly state what each defendant named above did): _____

_____
_____
_____
_____
_____
_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

The relief I am seeking for this claim is (briefly state the relief sought): _____
_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes _____ No   If yes, what was the result? _____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____

Attach copies of any documents that indicate that you have exhausted this claim.
If you did not exhaust your administrative remedies, state why you did not do so: _____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT
*Summarize the relief requested by you in each statement of claim above.*

_____
_____ NA _____
_____
_____

Do you want a jury trial? Yes____ No____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___August 23, 2020___
(date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

Signature(s) of Plaintiff(s)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES "OLIVER" YOUNG | "CHILD VICTIMS ACT"
  Petitioner - Plantiff |
V. (against) | CIVIL ACTION NO
 | 20-CV-6643 EAW
DOUGLAS BROOKS |
  Defendant, | JURY TRAIL DEMANDED

## I) COMPLAINT:

Generally and liberally construed complaint of JAMES OLIVER YOUNG herein after known as Plantiff, brings first hand knowledge in regards to the above complaint against DOUGLAS BROOKS, herein after known as Defendant, and does state as follows; under "Pro Se"

## II) PARTIES, JURISDICTION AND VENUE:

1) Plantiff, (James Oliver Young) who does reside in MONROE COUNTY Jail, 130 PLYMOUTH AVENUE SOUTH ROCHESTER NY 14614

2) Plantiff is, and all times mentioned Herein, was a "child" Now an adult CITIZEN of the UNITED STATES of America and a resident of the STATE of New YORK.

3) Defendant, (DOUGLAS BROOKS) whose last known address was 68 STONY LONSOME ROAD Honeoye falls NY 14472.

4) Defendant, is, and at all times mentioned

-1-

HEREIN, AN Adult citizen of the United States of AMERICA, AND A resident of the State of New York.

5) This action arises AND is brought pursuant to, FEBRUARY 14, 2019, NEW YORK STATE enacted the **CHILDS VICTIMS ACT ("CVA") (L. 2019 c. 11)** which, inter alia, (1) Extended the STATUTE OF limitations on Criminal Cases involving certain Sex offenses Against children under 18 (SEE CPL 30.10 [f]); (2) Extended the time which civil actions based upon such Criminal conduct may be brought until the child victim reaches 55 years old (SEE CPLR 208 [b]; and (3) opened a (1) one-year reviving civil Actions for which the statute of limitations had already run (even in cases that were litigated and dismissed on limitations grounds) commencing August 14, 2019 (SEE CPLR 214-g).

6) This complaint did arise within this district of WESTERN, NEW YORK, therefore judicial venue is proper for "CVA" Action and REMEDY AND RELIEF.

## III) PREVIOUS LAWSUIT BY PLANTIFF:

As of this date, Plantiff has filed NO OTHER LAWSUITS dealing with the same facts involved in this Action or otherwise related to above mentioned "STATUTE".

-2-

## IV) STATEMENT OF CLAIM:

At all relevant times and approximate dates, and Plantiff's "FIRST HAND" knowledge, Defendant did act wrongfully and willingly and regularly under the "CHILD VICTIMS ACT" ("CVA"). Facts are set forth more fully below, and this "Pro Se" complaint should also be allowed to be "liberally" construed as well.

## V) STATEMENT OF FACTS:

This plantiff does have "first hand" knowledge of the alleged conduct within the inside of the filed complaint as he remembers to the very best of his ability. On or about the years of 1975 to 1978, Plantiffs family were part of a church located in the town of Rush, NY. Defendant was a deacon at said church + had other responsabilities, (I do remember a classroom). During time defendant did befriend plantiffs family, especially his mother for she was the Minister to the church at said time. Plantiff and Defendants families became social and friendly to which they spent some time together. Church events, bake sales and pot luck dinners, as well as after church activities seemed like the norm, and families became close friends. During this time, defendant convinced Plantiff's parents to let him stay over at his home in Henrietta, New York on some of the weekends to play.

-3-

Defendants kids were same age or close to Plantiff's own age. Defendant disguised his interest to Plantiff by convincing Plantiffs parents that he would teach all the kids bible study + church activities while Plantiff was in his care. Defendants kids, Kim Jennifer + Daniel (now deceased) as said, were very close in age, so plantiff's parents did not question Defendants motives. Plantiff does remember defendants home as being a split level with stairs leading up to kids rooms and a bathroom, with a downstairs (he believes) is where a T.V. room and Defendants bedroom was located. Plantiff remembers an instance where he was over one weekend where he was sleeping on the floor in Daniels room (he remembers a crib) when Defendant snuck in and pulled Plantiffs covers off and massaged Plantiffs buttocks, legs and back. He then turned plantiff where he on his back so he is in a position over Plantiff where he touched his penis to Plantiffs and moved back and forth. It was semi-dark in room, but Plantiff recognized his voice in the dark of the defendant, who told him be still. Plantiff tried to pretend he was asleep and did try and roll over onto his side. This is when Defendant pressed his penis against Plantiffs thigh and buttocks from the side. He then moved

-4-

back and forth, all the while, Plantiff was tossing and turning pretending to be asleep and making asleep noises hoping it would deter Defendants attack. Upon another instance, Defendant had Plantiff sleep down in T.V. room with the girls in a sleeping bag. He mentioned it "would be like an indoor camping trip". In the middle of the night Plantiff felt himself being pulled from his sleeping bag, felt his underpants being pulled down, and Defendant pressed his penis against the crack of his buttocks. While he was doing this, he tried getting on top of Plantiff, moved his penis back a forth rapidly up and down the buttocks crack. Again Plantiff did try and move to side, trying to deter this attack, but Defendant held him down to stay in this position. Plantiff did finally get to move to his side, but Defendant rolled him back over onto his belly and did try and enter Plantiffs anus. This is when Plantiff pretended to wake up and be groggy, he then heard Defendants voice whispering "ssshhh, this won't hurt and you will like it." He then did continue his rapid hip movements till he stopped and Plantiff did feel wetness or liquid on his lower back and buttocks. Defendant did have toilet paper with him, and did clean up th wetness

-5-

Any loquid on Plantiff. Defendant did whisper while he was cleaning up "Felt warm didn't it?" Plantiff did not reply and crawled back into his sleeping bag. Plantiff did find out much later in life, that the liquid he felt was because Defendant ejaculated on him.

More instances and encounters continued throughout the years, and in fact they were becoming more and more braison on Defendants part. There was a time where Defendant put Plantiff onto his shoulders at t church After service hour, and did admit to Plantiff " I like to feel your tinkler (aka penis) on the back of my neck". He then took me to an empty classroom away from everyone and put his hand in my pants to feel my dry penis. This type of behavior did happen almost every- -time I visited defendant or was left alone with him. A reasonable person can conclude that from these actions, defendant was a predator, and that, to THIS day has scared me to death. Towards the end of the visits and as Plantiff got older, Plantiffs parent's asked him "Why do you not want to go over to Doug's (Defendant) house anymore? Plantiff did explain he was getting to old to play withe the kids anymore, when in reality, he was terrified to go.

- 6 -

Some time had passed, and I came home one day and saw Doug Brooks' (Defendant) car in our driveway located at 7192 West Main Street Lima, NY 14485. As I came into house, my older brother grabbed me and told me "to be quiet", so we snuck to our dining room located just away from my parents and Defendant so we could hear the conversation. My father and mother were sitting (well my mother was) and father was screaming at the top of his lungs at Defendant. He was saying "How could you do that to our children?" It was to the fact I feared my father was going to lose control of his emotions because he was so angry. This type of emotional trauma is not needed by a young boy to witness. Such anger from a father was way more traumatizing then one should carry a burden for his life. At this point I remember Defendant crying and weeping and begging for forgiveness and for my father not to call the Police, and he would do anything my father wished. My father told Defendant, in order for no police to be called, Defendant must resign from the church and to resign his position as a boyscout leader as well and to have no contact with children. Defendant agreed, and we as a family did not return to the Rush, NY church again. The trauma

-7-

of these events and attacks, I have carried with me right up to present day. Especially as a 9th grader where I immediately started acting out against authority, teachers and such. I was even made to attend a city school one year to curve the disruptive behavior I had due to the emotional devestation created by Defendant's actions. IN 9th grade, Defendant moved into my town Honeoye Falls, and his eldest daughter "KIM" WAS ATTENDING my grade. I remember the anger within me had reached a dangerous point, I knew it was not her fault, but it definately was Defendants. I had very little contact with Kim that year, but my behavior had changed dramtically. Many other signs of anger emerged, and my non-complaince with authority was really starting to show. My grades slipped off as well as my athletic activities. I chauuned in marijuana use, cigarettes and pills to dull my internal anguish. I knew my attacker was in my town, and he was way to close to me. ESPECIALLY Knowing he had never been prosecuted for his crime. What makes matters even more distressing, it had come to my attention that Defendant was again a boyscout leader in my town as well. Knowing this fueled my anger even more against school and my own home as well.

-8-

By mid year as a freshman, I got suspended from school and was asked NOT to return. My pill, cigarette and marijuana use excelled as well as several fights and petty crimes from the public and my father. I did a small stint in the LIVINGSTON COUNTY JAIL for my petty theft and when I was released, my mother had arranged for me to go into the NEW YORK STATE DIVISION FOR YOUTH; for she no longer could control me and I do not blame her.

I hope my parent's are looking down upon me and are proud I am able to finally put to words what I have been dealing with, right up to present day and my own demon's. The psychological, emotional fear, trauma and humilation Defendant had, and still inflicts is immeasurable. His blatant and knowingly damaging actions in my family and even in his own, needed to be heard. But someone had to tell this, for everyone involved, past, present, future and even the deceased like Daniel.

### V) MOTION TO COURT:

Plantiff does understand and acknowledges that the Court does not owe protection of counsel, However, Plantiff's "Pro Se" Application needs to be litigated through professional means. NOT

-9-

only to respect the rules and regulations that honor the Court, but because Plantiff's complaint holds substantial merit and cause for relief. Plantiff's inability to pay for counsel in his own filing of "in forma pauperis" should not deminish complaints right to litigate the matter for the concerns of Justice and the ongoing safety to the public itself. This complaint does contain many crucial facts and discovery that do need legal attention, and is arguable upon law and facts.

## VI) PRAYER FOR RELIEF:

Plantiff does hereby request an order Defendant did act knowingly in voilation of the "CHILDS VICTIM ACT" ("CVA") (CPL 30.00 [e]) to be stated and recorded on record. Plantiff also requests from court "Monutary" damages for pain, suffering, psychological trauma, humiliation, destruction of family relaitionships past and present, destruction of Parent child bond and relationship, present and future medical and psychological expenses, attorney and all court fees, PTSD now and in future, emoteonal distress, in the amount of $17,000,000.00 (seventeen Million) dollars, with the ability to sieze retinement, pensions, real property, bank accounts, life insurance + cash value and any alike accounts, even home owners insurance, summary judgement requested.

SIGNED this __7__ day of 2020 of __August__

NOTARY:

Sabra W Hickam                    _____
                                   SIGNATURE:

SABRA W HICKAM
Notary Public, State of New York    JAMES O YOUNG
No. 01HI6295885                    PRINT NAME:
Qualified in Monroe County
Commission Expires January 13, 20__22__

I declare under penalty of perjury that the fore-
-going is truthful and correct.

__8-7-2020__                       _____
DATE                               SIGNATURE:

                                   James O Young
                                   PRINTED NAME:

MAILING DATE TO
COURT:

-11-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES "OLIVER" YOUNG
et. al.,
Plantiff(s),

V. (against)

DOUGLAS BROOKS
et. al.,
Defendant(s),

AFFIDAVIT

civil action
No.
20-cv-6643 EAW

# AFFIDAVIT OF JAMES OLIVER YOUNG

I, James "Oliver" Young, being duly sworn according to the law depose and say that I am the Petitioner of the above titled proceeding.

I bring said proceeding against Defendant under the "CHILDS VICTIM ACT" ("CVA") and any and all of the information I have submitted in support of my case or Plantiffs case, is true and correct.

Sign

JAMES O YOUNG
Print

NOTARY

sworn to be before me
this 24 day of August,
2020.

SABRA W HICKAM
Notary Public, State of New York
No. 01HI6295885
Qualified in Monroe County
Commission Expires January 13, 2022

Sabra W Hickam

12